# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NESS HEALTHCARE NFP D/B/A NORTHLAKE BEHAVIORAL HEALTH SYSTEM<br><br>**Plaintiff,**<br><br>v.<br><br>STARR SURPLUS LINES INSURANCE COMPANY<br><br>**Defendant.** | CASE NO.:<br><br>JUDGE:<br><br>MAGISTRATE:<br><br>JURY DEMAND |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes NESS HEALTHCARE NFP D/B/A NORTHLAKE BEHAVIORAL HEALTH SYSTEM, which files this Complaint against STARR SURPLUS LINES INSURANCE COMPANY. The facts more specifically set forth below are based upon personal knowledge and upon information and belief.

### PARTIES, JURISDICTION, AND VENUE FACTS

1. Made Plaintiff herein is NESS HEALTHCARE NFP D/B/A NORTHLAKE BEHAVIORAL HEALTH SYSTEM, at all times material herein: a foreign corporation domiciled in Illinois, which owns the Property that is subject to the dispute at issue herein, and which is the named insured under and/or which paid for the policy of insurance with Defendant which was in full force and effect relative to the Property that is subject to the dispute at issue herein.

2. Made Defendant herein is STARR SURPLUS LINES INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled in Texas but authorized to do and doing business in the State of Louisiana as well as in this District, which received full payments for and

1

provided the Policy of insurance at issue herein, and which may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, The Honorable R. Kyle Ardoin, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and § 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 139l(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in this District; the Plaintiff resides and/or conducts business in this District; the Property that is subject to the insurance claim dispute is located in this District; and the Loss and/or Property Damage at issue occurred in this District.

## BACKGROUND FACTS

5. At all times relevant herein, Plaintiff owned the following property ("Property") and contents/business personal property therein located at: 23515 U.S. Highway 190, Mandeville, Louisiana 70448.

6. At all times relevant hereto, Defendant provided a policy of insurance, bearing Policy Number SLSTPTY11382320 (the "Policy"), to Plaintiff which was in full force and effect, and which covered the Property at issue and the contents/business personal property and operations conducted therein against perils including hurricanes, wind, hail, and/or water. Defendant placed a valuation upon the covered Property and the contents/business personal property therein, and used this valuation for purposes of determining the premium charge to be made under the Policy at issue.

7. On or about August 29, 2021, Hurricane Ida struck Southeast Louisiana as one of the most powerful storms in U.S. history. As detailed by the U.S. National Weather Service, "Hurricane Ida made landfall as Category 4 Hurricane in Lower Lafourche Parish near Port Fourchon with maximum sustained wind speeds of 150."[1] A Category 4 storm with unprecedented winds, Ida caused major damage to buildings throughout Southeast Louisiana, including the greater New Orleans area and surrounding parishes throughout this District. "The widespread damage spread well inland across Southeast Louisiana and Southern Mississippi as Hurricane Ida remained at hurricane strength into southwest Mississippi near McComb."[2]

8. On or about August 29, 2021, Hurricane Ida damaged the exterior, interior, and roof of the Property, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the Property ("the Loss" or "Property Damage") which was covered under the Policy.

9. The Property and contents/business personal property therein were significantly damaged by and suffered a diminution in value as a result of Hurricane Ida. These significant Hurricane Ida damages to the Property (including the contents/business personal property located and/or operations conducted therein) occurred prior to any purported damage to the Property (or the contents/business personal property located and/or operations conducted therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

10. Plaintiff reported the Loss to its insurer, Defendant, and was assigned claim number STP22710 ("the Claim" or "Insurance Claim").

---

[1] https://www.weather.gov/lix/hurricaneida2021
[2] *Id*.

11. Upon notification of the Loss, Defendant inspected the Property, and provided an estimate on the Claim. This estimate, however, grossly underreported the Property Damage.

12. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

13. Defendant's adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to conduct properly the needed repairs to the Property Damage caused by Hurricane Ida.

14. As a result of Defendant refusing and/or failing to adjust the Claim fairly, undersigned counsel was hired, and an expert adjuster was retained to inspect the Property as well as document and estimate Property Damage and/or the Claim.

15. Subsequent to Defendant's inspection of the Property Damage, Plaintiff's expert adjuster inspected the Property and created a report (the "Expert Report") documenting and detailing that the Property had been damaged by Hurricane Ida and that amounts were required to be paid by Defendant for repair, damages, and/or reimbursement.

16. A demand for the release of unconditional tenders was sent to Defendant, along with the Expert Report as well as other supporting documentation, demonstrating the losses outlined therein. This documentation sent to Defendant constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

17. Despite receiving this satisfactory proof of loss, Defendant has yet to tender adequate insurance proceeds.

18. Plaintiff attempted to recover the remaining amount of its covered damages and/or insurance proceeds due from Defendant to no avail.

19. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property as well as additional general and/or special damages to Plaintiff.

20. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant purposely and/or negligently, arbitrarily and/or capriciously: a) failed to tender proceeds due in a timely manner after having received satisfactory proof of loss; b) misrepresented the terms and conditions of the Policy at issue; c) conducted the investigation and claims handling process in bad faith; d) manipulated and/or set its pricing software to suppress artificially the cost of repairs below market value; e) failed to pay for losses adequately as required by the Policy; and/or f) failed to include adequate overhead and profit in its estimates of damages.

21. Plaintiff has incurred additional extra expenses and/or delays in making repairs because Defendant failed to pay timely for losses due under the Policy and/or for the Claim at issue.

22. Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to pay the Claim at issue adequately and/or timely.

23. Plaintiff has sustained and continues to sustain inconvenience because Defendant failed to pay for losses/damages timely which were due under the Policy and/or for the Claim at issue.

24. Plaintiff has incurred and/or will incur extra expenses as a result of the damages caused to the Property by Hurricane Ida, including those extra expenses that will be incurred during additional repair of the Property.

## CAUSE OF ACTION – Breach of Insurance Contract

25. All allegations contained in this Complaint are hereby adopted and re-alleged.

26. Despite having adequate proof of loss, Defendant failed to tender timely adequate funds under the Policy.

27.     At all material times herein, an insurance contract, i.e.; the Policy, existed between Plaintiff and Defendant, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

28.     Upon information and belief, Defendant breached the Policy and/or insurance contract by purposely and/or negligently, arbitrarily and/or capriciously: a) failing to tender proceeds in a timely manner which were due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling process in bad faith; d) manipulating and/or setting its pricing software to suppress artificially the cost of repairs below market value; e) failing to pay insurance proceeds adequately as required by the Policy; and/or f) failing to include adequate overhead and profit in its estimates of damages.

29.     Plaintiff has suffered and continues to suffer general, special, and/or consequential damages as a result of Defendant's breaches of the insurance contract.

### CAUSE OF ACTION – Bad Faith

30.     All allegations contained in this Complaint are hereby adopted and re-alleged.

31.     The actions and/or inactions of Defendant in failing to compensate Plaintiff adequately for the covered losses under the Policy were arbitrary, capricious, and without probable cause - as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

32.     Under La. R.S. § 22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly.  Failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

33.     "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary,

capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

34. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to: a) adequately pay claims following satisfactory proof of loss within thirty (30) days, or b) make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proof of loss of that claim.

35. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Plaintiff adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or after Plaintiff provided expert documentation of the Property Damage and/or the Claim. Moreover, Defendant's failure to tender timely adequate payment was unjustified, and without reasonable or probable cause or excuse.

36. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

37. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted in bad faith by arbitrarily and capriciously: a) failing to tender proceeds in a timely manner which were due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling process in bad faith; d) manipulating and/or setting its pricing software to suppress artificially the cost of repairs below market value; e) failing to pay insurance proceeds adequately and/or timely as required by the Policy and the relevant statutes; f) failing to make a written offer to settle within

thirty (30) days after receipt of satisfactory proofs of loss of the Claim; and/or g) failing to include adequate overhead and profit in its estimates of damages.

38. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

39. Plaintiff has suffered and continues to suffer general, special, and/or consequential damages as a result of Defendant's bad faith.

## DAMAGES

40. All allegations contained in this Complaint are hereby adopted and re-alleged.

41. Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories: a) breach of contract; b) bad faith and/or negligent claims adjusting practices, including, but not limited to: failing to adjust adequately the Property Damage and/or the Claim; misrepresenting the terms of the applicable insurance Policy; purposely and/or negligently under-scoping damages leading to a failure to pay the relevant claims; purposely and/or negligently manipulating pricing leading to a failure to pay the relevant claims; failing to pay timely for covered damages Defendant knew or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report; failing to tender timely adequate supplemental payment(s), etc., leading to various general, special, and/or consequential damages, including, but not limited to, delayed and/or additional repair costs, inconvenience, extra expenses, and the incurrence of professional and/or expert fees; c) any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

42. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred and/or sustained the following non-exclusive damages: a)

diminution of the value of the Property; b) underpayment and/or delayed payment of covered damages/repair costs; c) actual repair costs, temporary repair costs, as well as increased repair costs; d) loss of use and/or extra expenses; e) business interruption; f) penalties delineated in La. R.S. §§ 22:1892 and 22:1973; g) inconvenience; h) attorney's fees, other professional fees, and litigation costs associated with the bringing of this action; i) other general, special, and/or consequential damages; and/or j) any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant be duly cited and served, and that after due requirements and proceedings, there be judgment against Defendant in such sums as the Court deems just, together with legal interest, costs, and all general and equitable relief allowed. Further, Plaintiff prays for relief and judgment against the Defendant, as follows:

1. Compensatory, general, and/or contractual damages;

2. Consequential and/or special damages, including, but not limited to, those incurred as a result of Defendant's bad faith;

3. Penalties as a result of Defendant's bad faith;

4. Attorney's fees as a result of Defendant's bad faith;

5. Prejudgment interest at the highest lawful rate allowed by law;

6. Interest on the judgment at the highest legal rate from the date of judgment until collected;

7. All expenses and costs of this action; and

8. Such further relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

A trial by jury is hereby demanded as to all issues so triable.

                              RESPECTFULLY SUBMITTED:

                              **IRPINO, AVIN & HAWKINS LAW FIRM**

                              */s/ Krystena L. Harper*
                              _____
                              ANTHONY D. IRPINO (#24727)
                              KRYSTENA L. HARPER (#27494)
                              2216 Magazine Street
                              New Orleans, Louisiana 70130
                              Telephone:    (504) 525-1500
                              Facsimile:     (504) 525-1501
                              Email:  airpino@irpinolaw.com
                                                kharper@irpinolaw.com